## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1999-KM-01868-SCT

*PAMELA MOORE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/04/1999 |
| TRIAL JUDGE: | HON. SAMAC RICHARDSON |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOSEPH PATRICK FRASCOGNA |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | RICHARD D. MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED- 10/25/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/15/2001 |

### BEFORE BANKS, P.J., WALLER AND COBB, JJ.

### WALLER, JUSTICE, FOR THE COURT:

¶1. Pamela Moore was indicted and tried for the felony offense of child abuse for injuring a twenty-two (22) month old infant by submersing the child's buttocks in scalding water. The jury was instructed on felony child abuse, Miss. Code Ann. § 97-5-39(2) (2000), and on the misdemeanor offense of contributing to the neglect of a child. *Id.* § 97-5-39(1). Moore was convicted of the misdemeanor offense of neglect for which she received a sentence of imprisonment for one year.

¶2. On appeal, Moore asserts that as she was not indicted for the misdemeanor offense of contributing to the neglect of a child, the trial court was without jurisdiction to enter a judgment of conviction on this charge. We find Moore waived any inadequacy of notice in the indictment and jurisdiction related to the misdemeanor offense of contributing to the neglect of a minor, and we affirm the judgment of conviction and sentence.

### DISCUSSION

### WHETHER THE TRIAL COURT LACKED JURISDICTION OVER THE MISDEMEANOR OFFENSE OF CONTRIBUTING TO THE NEGLECT OF A CHILD?

¶3. The scalding incident took place at Moore's day-care business in Richland, Rankin County, Mississippi. The indictment, in relevant part, charged the following against Moore:

> On or about the 1st day of October, 1997, in the county aforesaid and within the jurisdiction of this court, did unlawfully, feloniously, purposefully and knowingly abuse [name of child withheld], a male

human being whose date of birth is the 10th day of January, 1996, by then and there submersing his buttocks in scalding water, thereby causing serious bodily injury to the said child, in violation of Miss. Code Ann. § 97-5-39, and against the peace and dignity of the State of Mississippi, . . . .

¶4. The felony abuse for which Moore was indicted is contained in the same statute as the misdemeanor offense of contributing to the neglect of a child is set out as follows:

1) Any parent, guardian or other person who willfully commits any act or omits the performance of any duty, which act or omission contributes to or tends to contribute to the neglect or delinquency of any child ...shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine not to exceed One Thousand Dollars ($1,000.00), or by imprisonment not to exceed one (1) year in jail, or by both such fine and imprisonment.

(2) Any person who shall intentionally (a) burn any child, (b) torture any child or, (c) except in self-defense or in order to prevent bodily harm to a third party, whip, strike or other wise abuse or mutilate any child in such a manner as to cause serious bodily harm, shall be guilty of felonious abuse and /or battery of a child and, upon conviction, may be punished by imprisonment in the penitentiary for not more than twenty (20) years....

Miss. Code Ann. § 97-5-39 (2000).

¶5. We have held misdemeanor neglect not to be a lesser-included offense of felonious child abuse. "The crime of misdemeanor child neglect is not encompassed within the definition of the more serious crime of felonious child abuse. In other words, if the State proved the elements of felonious child abuse, it would not follow a fortiori that all the elements of child neglect were also proven." *Payton v. State,* 642 So. 2d 1328, 1334 (Miss. 1994).

¶6. A defendant in a criminal case can be found guilty of a lesser-included offense, so long as it is necessarily a lesser-included offense of the offense charged. Miss. Code Ann. § 99-19-5 (2000) provides:

On an indictment for any offense, the jury may find the defendant guilty of the offense charged, or any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose.

¶7. If a lesser offense, as opposed to a lesser-included offense, arises from the same operative facts and has an evidentiary basis, we have held the defendant is entitled to an instruction for the lesser charge the same as if it were a lesser-included charge. *See Griffin v. State,* 533 So. 2d 444, 447-48 (Miss. 1988). This concept was further approved in *Gangl v. State,* 539 So. 2d 132, 136 (Miss. 1989), where we stated:

The defendant may request an instruction regarding any offense carrying a lesser punishment if the lesser offense arises out of a nucleus of operative fact common with the factual scenario giving rise to the charge laid in the indictment. *** Therefore, if the evidence warrants it , a defendant is entitled to a lesser-offense instruction the same as he would be entitled to a lesser-included-offense instruction.

¶8. The trial court gave Moore's instruction D-9, giving the jury the option of the misdemeanor charge of

neglect. The instruction reads:

> If you find from the evidence in this case that Pamela Moore is not guilty of the crime of felony child abuse, then you may proceed with your deliberations to determine whether that State has proven beyond a reasonable doubt all of the elements of a lesser crime as defined in other instructions of the Court.

¶9. We have held, "[b]y requesting the instruction, the defendant waives any inadequacy or notice in the indictment."*Gangl,* 539 So. 2d at 137. Further the Court of Appeals citing *Gangl* and *Griffin* has found, "[a] defendant cannot request a lesser-offense instruction and later object to lack of jurisdiction, he has waived that right." *Johnson v. State*, 757 So. 3d 345, 350 (Miss. Ct. App. 2000).

¶10. The jury was, in instruction S-1, instructed as to the elements of felony child abuse and, alternatively, the elements of contributing to the neglect of a child, without objection by Moore, as follows:

> If you find from the evidence in this case, beyond a reasonable doubt, that on or about the 1st day of October, 1997, in Rankin County, Mississippi, the Defendant, Pamela Moore, did:

> 1. Willfully, unlawfully and intentionally, burn a [the] child, by immersing his buttocks in water, and therby causing serious harm then you shall find her guilty of the crime of felony child abuse.

> The Court instructs the Jury that if the State has failed to prove all the elements of the crime of felony child abuse then you may consider the offense of contributing to the neglect of a child by leaving the child in the bathroom with hot water in the tub.

> There, should you find from the evidence in this case beyond a reasonable doubt, that on or about the 1st day of October 1997, in Rankin County, Mississippi, the Defendant, Pamela More, did:

> 2. Willfully omit the performance of any duty which this omission contributes or tends to contribute to the neglect of a child then you shall find the Defendant, Pamela Moore, guilty of the offense of contributing to the neglect of a child.

¶11. The record reflects that Moore not only made no objection to the instruction covering the elements of misdemeanor child neglect, but even discussed the possible sentence with the trial court. Moore cannot now claim error because she does not like the result. "[The] failure to make a contemporaneous objection at trial constitutes a waiver of any error subsequently assigned." *Moawad v. State,* 531 So. 2d 632, 634 (Miss. 1988).

## CONCLUSION

¶12. The option for the jury to consider the lesser, though not lesser-included, offense of contributing to the neglect of a child was requested and accepted by Moore. As this misdemeanor offense arose out of the same operative facts as the felony child abuse charged in the indictment and all the elements of the misdemeanor were proven, we affirm the judgment of the Rankin County Circuit Court.

¶13. **CONVICTION OF MISDEMEANOR CHILD NEGLECT AND SENTENCE OF ONE YEAR IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED**.

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., SMITH, MILLS, COBB, DIAZ AND EASLEY, JJ., CONCUR.**